IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ANGEL SANDOVAL,<br><br>   Petitioner,<br><br>v.<br><br>RON BARNES,<br><br>   Respondent.<br>_____/ | No. C 12-3309 WHA (PR)<br><br>**ORDER TO SHOW CAUSE; GRANTING APPLICATION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket Nos. 2, 3) |

**INTRODUCTION**

Petitioner, a California prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254. He has applied for leave to proceed in forma pauperis and filed a motion for appointment of counsel. For the reasons discussed below, respondent is ordered to show cause why the petition should not be granted based on petitioner's cognizable claims.

**BACKGROUND**

In 2009, petitioner was convicted in Santa Clara County Superior Court after a jury found him guilty of murder and weapons charges. The trial court sentenced him to a term of forty years to life in state prison. On direct review, the California Court of Appeal affirmed the conviction and sentence, and the California Supreme Court denied a petition for review.

**ANALYSIS**

**A.   STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a); *Rose*
3 *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading
4 requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
5 of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
6 court must "specify all the grounds for relief which are available to the petitioner ... and shall
7 set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
8 the Rules Governing Section 2254 Cases, 28 U.S.C. foll. 2254. "'[N]otice' pleading is not
9 sufficient, for the petition is expected to state facts that point to a 'real possibility of
10 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
11 688, 689 (1st Cir. 1970)).

**B.  LEGAL CLAIMS**

Petitioner makes the following three claims in his petition: (1) that he received ineffective assistance of counsel at trial; (2) that his right to due process was violated by the admission of evidence that he possessed screwdrivers; and (3) that his conviction for murder was not supported by sufficient evidence insofar as it rested upon testimony of a "gang expert."

The claims are, when liberally construed, cognizable, and an order to show cause will issue.

**CONCLUSION**

In light of the foregoing,

1. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California. The clerk shall also serve a copy of this order on the petitioner.

2. Respondent shall file with the court and serve on petitioner, within ninety days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claims found cognizable herein. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously

1  and that are relevant to a determination of the issues presented by the petition.

2  If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the
3  court and serving it on respondent within thirty days of the date the answer is filed.

4  3. Respondent may file, within ninety days, a motion to dismiss on procedural grounds
5  in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
6  Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the
7  court and serve on respondent an opposition or statement of non-opposition within thirty days
8  of the date the motion is filed, and respondent shall file with the court and serve on petitioner a
9  reply within fifteen days of the date any opposition is filed.

10  4. Petitioner is reminded that all communications with the court must be served on
11  respondent by mailing a true copy of the document to respondent's counsel. Petitioner must
12  keep the court informed of any change of address and must comply with the court's orders in a
13  timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
14  pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772
15  (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

16  5. Petitioner's application to proceed in forma pauperis (dkt. 3) is **GRANTED**. His
17  motion for appointment of counsel (dkt. 2) is **DENIED** because no evidentiary hearing is
18  required at this time and petitioner is capable of adequately presenting his claims.

19  **IT IS SO ORDERED.**

20  Dated: October   9   , 2012.
21  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\SANDOVAL3309.OSC.wpd

3